DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court, Juvenile Division, judgment that imposed court costs and a financial sanction. D.M.G. (d/o/b 5-25-90) was adjudicated a delinquent child for violating the terms of community control that the trial court had previously imposed. The trial court ordered the juvenile to serve a six month suspended commitment to the Ohio Department of Youth Services.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "[D.M.G] WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL *Page 2 
UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION WHEN HIS ATTORNEY FAILED TO OBJECT TO THE JUVENILE COURT'S IMPROPER IMPOSITION OF COURT COSTS."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING TO DETERMINE WHETHER [D.M.G.], AN INDIGENT JUVENILE, WAS ABLE TO PAY THE SANCTIONS IMPOSED BY THE JUVENILE COURT AND FAILED TO CONSIDER COMMUNITY SERVICE IN LIEU OF THE FINANCIAL SANCTIONS IN VIOLATION OF R.C. 2152.20."
 {¶ 3} On May 25, 2005, a Lorain County multi-count complaint charged the child with various theft offenses and the underage consumption of alcohol. After the case was transferred to Washington County, the trial court adjudicated the child a delinquent child, ordered a suspended six month sentence to the Ohio Department of Youth Services (ODYS), ordered that the child be placed on community control and that he comply with all the terms of the Juvenile Probation Office.
 {¶ 4} On May 23, 2007, a notice of probation violation alleged that the child failed to contact his probation supervisor, was frequently tardy or absent from school and that he had consumed alcohol while underage. At the hearing six days later, the child admitted to violating the terms of his probation.[1]
 {¶ 5} At the July 3, 2007 hearing, the trial court re-imposed a six month suspended commitment to ODYS and placed the child in the temporary custody of the Washington County Juvenile Center for completion of its "rehabilitation program." *Page 3 
Finally, the court ordered the child's mother pay court costs and a $100 "special probation fee." This appeal followed.
 {¶ 6} We jointly consider appellant's first and second assignments of error because they raise similar issues. The child asserts that the Juvenile Court erred by assessing court costs and the "special probation fee" without first determining if he had the ability to pay. See R.C.2152.20. Further, he claims that trial counsel was constitutionally ineffective for not raising this issue.
 {¶ 7} Our review of the record in the case sub judice, including both of the transcripts and the trial court's judgment entry, reveals, however, that these expenses were not assessed against the minor child, but, rather, the child's mother. Thus, the trial court could not have erred by not considering whether the child could pay the expenses. See R.C. 2150.20(C). Thus, trial counsel was not ineffective by failing to raise the issue. Also, to the extent that any error occurred by ordering the child's mother to pay these expenses, the child does not have standing to assert this claim. Both parents attended the hearing, were informed of their right to counsel and each waived that right. Any error in determining if the child's mother could satisfy these costs inured against the mother, not the minor child.
 {¶ 8} For these reasons, we find no merit in the assignments of error. Accordingly, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant *Page 4 
the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
[1] The record contains other notices of probation violations, but we are concerned here only with the May 2007 activity. *Page 1